IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY DONNELL SATCHELL                                              PLAINTIFF

v.                          Civil No. 07-5033

CAPTAIN HUNTER PETRAY,
Jail Administrator of the Benton
County Detention Center                                               DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff's complaint was filed in this case on February 23, 2007.  Because the court believed additional information was needed about the plaintiff's claim, an order was entered (Doc. 5) directing the plaintiff to sign, complete, and return a questionnaire that would be filed as an addendum to his complaint.  The addendum was returned to the court on March 27, 2007 (Doc. 6).

### BACKGROUND

Timothy Donnell Satchell has been incarcerated at the Benton County Detention Center (BCDC) since July of 2006.  *Addendum* at ¶ 1.  He is being held on an aggravated robbery charge.  *Id.* at ¶ 2.

On February 5, 2007, at approximately 6:00 a.m., a detention deputy was passing out medication to inmates.  *Complaint* at page 4.  Satchell maintains he was forced to refuse his medication that morning because it was the first time he was being given that particular medication and the guard did not know what the medication was for or what it was.  *Id.*  Satchell does not believe the guards are qualified to pass out medication.  *Id.*  Satchell maintains the person passing out the medication should be able to answer questions.  *Addendum* at ¶ 7.

-1-

Satchell was asked to describe the daily procedure used for passing out medication. *Addendum* at ¶ 3. He indicated that medication is passed out in the morning, evening, and at bedtime. *Id.* Whatever deputy is on duty calls inmates out and gives the inmate whatever the medical sheet says–no questions asked. *Id.* at ¶ 3 & ¶ 6. According to Satchell, the deputies do not know what the medication is only where the medication is located in pod control. *Id.* at ¶ 3.

Satchell was on medication for diabetes. *Addendum* at ¶ 4. He took the medication once each day–in the morning. *Id.* He had been prescribed this new medication by the jail medical staff on, or shortly before, February 5th. *Id.* at ¶ 5.

According to Satchell, there have been other occasions he has had to refuse the medication the deputy was going to give him because he did not know what it was. *Addendum* at ¶ 6. The medication was prescribed by the nurse or the doctor at the jail. *Id.*

## DISCUSSION

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 1719, 140 L. Ed. 2d 1043 (1998)(citation omitted). In *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006), the Eighth Circuit held that deliberate indifference is the "appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care and reasonable safety."

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429

U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). Additionally, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)). *See also Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000)("To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk, a plaintiff must establish that the official in question did in fact know of the risk.").

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (per curiam) (internal quotation and citation omitted).

In this case, Satchell was seen by the jail doctor or jail nurse and prescribed medication for his diabetes. *Addendum* at ¶ 5. The medication the guards or deputies were passing out to him was prescribed by the jail nurse or jail doctor. *Id.* at ¶ 6. Satchell's claim is premised solely on the fact that medically trained personnel do not pass out the medication. This does not state a claim of constitutional dimension. *See e.g., Booker v. Herman*, 2006 WL 2457230, *5 (N.D.

Ind. Aug. 22, 2006)("While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates. This allegation states no claim upon which relief can be granted").

## CONCLUSION

I therefore recommend that the complaint be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Satchell has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Satchell is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of May 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)